### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CASEY JOBE, et al. ) <br> ) <br> Defendants. ) | Case No. CR-20-206-1-R |

### MOTION FOR JAMES HEARING

Defendant, Casey Jobe ("Mr. Jobe"), through his attorneys of record, Vicki Zemp Behenna and Rachel N. Jordan, respectfully requests this Court conduct a hearing to determine the admissibility of coconspirator testimony in the above-captioned case. In support, Mr. Jobe states as follows:

### BRIEF IN SUPPORT

Mr. Jobe is charged in a multi-count Indictment, along with Anthony Hilbers and Brandon Colbert, with one count of conspiracy to commit wire fraud, one count of wire fraud, two counts of aggravated identity theft, and one count of money laundering. Mr. Jobe requests this Court hold a pretrial hearing, pursuant to *United States v. James*, 590 F.2d 575 (5th Cir. 1979), to determine the admissibility of any co-conspirator statements the government seeks to introduce at trial.

If the government seeks to offer co-conspirator statements against Mr. Jobe, it must establish, by a preponderance of the evidence, that: 1) a conspiracy existed; 2) the declarant and the defendant were both members of the conspiracy; and 3) the statements were made

1

in the course of and in furtherance of the conspiracy. *United States v. Urena*, 27 F.3d 1487 (10th Cir. 1994). The Tenth Circuit has held that in order for the out-of-court statements of a co-conspirator to be admissible against a party, these "preliminary requirements must be met by independent evidence, i.e., evidence other than the proffered statement itself." *United States v. Martinez*, 825 F.2d 1451, 1452 (10th Cir. 1987).

Before making a final ruling on admissibility of co-conspirator statements, a district court may either hold a *James* hearing outside the presence of the jury or choose to provisionally admit the evidence yet still require the Government to connect the statements to the conspiracy during trial. *United States v. Urena*, 27 F.3d 1487 (10th Cir. 1994). *See also United States v. Townley*, 472 F.3d 1267, 1273 (10th Cir. 2007) (holding that a district court can only admit coconspirator statements if it holds a James hearing or conditions admission on forthcoming proof of a "predicate conspiracy through trial testimony or other evidence"). The Tenth Circuit, however, has repeatedly recognized its "strong preference for *James* proceedings where the government relies on co-conspirator statements." *United States v. Gonzalez-Montoya*, 161 F.3d 643, 648 (10th Cir.1998). *See also Urena,* 27 F.3d at 1491 (noting that "[t]he strongly preferred order of proof in determining the admissibility of an alleged coconspirator statement is first to hold a 'James' hearing").

As set forth in *James*, Mr. Jobe is requesting a hearing to determine the admissibility of co-conspirator statements the government intends to introduce at trial. *See also* Rule 801(d)(2)(E) of the Federal Rules of Evidence; *United States v. Gonzalez-Montoya*, 161 F.3d 643 (10th Cir. 1998); *United States v. Johnson*, 4 F.3d 904, 914 (10th Cir. 1993);

*United States v. Rascon*, 8 F.3d 1537 (10th Cir. 1993); *United States v. Perez*, 989 F.2d 1574, 1580 (10th Cir. 1993); *United States v. Powell*, 982 F.2d 1422, 1432 (10th Cir. 1992).

WHEREFORE, Mr. Jobe respectfully requests this Court conduct a pretrial hearing to determine the admissibility of co-conspirators' hearsay statements as set forth above.

Respectfully submitted,

/s/ Vicki Zemp Behenna
Vicki Zemp Behenna, OBA #10734
Rachel N. Jordan, OBA #32704
BEHENNA, GOERKE, KRAHL & MEYER
210 Park Avenue, Suite 3030
Oklahoma City, OK 73102
Telephone: 405-232-3800
Facsimile:  405-232-8999
Email:  vzb@lawfirmokc.com
          rjordan@lawfirmokc.com
*Attorneys for Casey Jobe*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of November, 2020, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of Notice of Electronic Filing, which will automatically send e-mail notification of such filing to all attorneys of record.

/s/ Vicki Zemp Behenna
Vicki Zemp Behenna